583 So.2d 103 (1991)
David CLIBURN, Plaintiff-Appellant,
v.
COLONIAL PENN INSURANCE COMPANY, Jimmy Lee and State Farm Mutual Automobile Insurance Company, Defendants-Appellees.
No. 90-132.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
*104 Charles A. Jones III, Deridder, and Neblett, Beard, Arsenault, David O. Walker, Alexandria, for plaintiff-appellant.
Hall, Lestage & Landreneau, David R. Lestage, Deridder, Stockwell, Sievert, Viccellio, Clements & Shaddock, Robert W. Clements, Lake Charles, for State Farm.
Plauche, Smith & Nieset, Frank M. Walker, Jr., Lake Charles, for Colonial Penn.
Dauzat, Falgoust, Caviness, Bienvenu & Stipl, Peter F. Caviness, Opelousas, for La. Farm Bureau Ins.
Before DOMENGEAUX, C.J., and FORET and DOUCET, JJ.
DOMENGEAUX, Chief Judge.
David Cliburn filed suit to recover for personal injuries sustained when he was struck by his own vehicle while it was being driven by Jimmy Lee.
During a jury trial, Cliburn settled with Lee's insurer, Colonial Penn Insurance Company, and he proceeded against his own liability insurer, State Farm Mutual Automobile Insurance Company and Lee, solely in his capacity as State Farm's insured. State Farm stipulated that if Lee was found to be an insured under the omnibus provision of Cliburn's policy, it would owe damages up to its policy limits, plus interest and court costs. At the close of the plaintiff's case, the trial judge directed a verdict in favor of State Farm on the issue of whether Lee was a permissive user of Cliburn's vehicle. Cliburn now appeals.
Cliburn and Lee met for the first time at a lounge in Leesville on the evening before this early morning accident. The two remained at the lounge until it closed, which they indicated was approximately 1:30 a.m. Lee then invited Cliburn to his home that evening, as Cliburn was an acquaintance of Lee's wife, and Lee and Cliburn were both involved in the timber industry.
Lee's home is on a 700 acre farm. After visiting Lee and his wife for approximately one hour, Cliburn stated he had to leave. Lee offered to show Cliburn a short cut off the farm, and both men then left the house in their own vehicles, Lee in his pickup and Cliburn following in his Honda automobile. While still on the farm property, Lee pulled over, stopped, and Cliburn parked his vehicle approximately six feet behind Lee's truck. The two men talked for a while, sitting on the tailgate of Lee's truck for about 45 minutes. They had been drinking at the lounge and at Lee's home. Defendant Lee indicated they were not drinking *105 during their 45 minute sojourn on the tailgate.
What happened after this point is somewhat unclear. Lee testified he was afraid Cliburn's car would get stuck on the soft shoulder of the road, which was at a steep incline, so he entered Cliburn's vehicle intending to move it in front of his truck. According to Lee, he said something to the effect of "hold on, I'll get you out of here," and Cliburn voiced no objection to Lee operating his car. Lee stated that as he was trying to put the Honda in reverse, it started rolling forward and struck Cliburn in the legs.
Cliburn, on the other hand, testified that he did not hear Lee say anything to him before he was struck by his Honda. In fact, he stated he did not know Lee was in his car until he was hit.
In Campbell v. Mouton, 373 So.2d 237 (La.App. 3d Cir.1979), this Court articulated the standard for granting a directed verdict in a jury trial:
On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.
373 So.2d at 239, quoting Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969).
The question presented on appeal is not whether in our view the plaintiff had proved his case by a preponderance of the evidence, but rather, whether reasonable people could not have reached a verdict in favor of the plaintiff. Villaronga v. Gelpi Partnership No. 3, 536 So.2d 1307 (La. 5th Cir.1988), writs denied, 540 So.2d 327 and 329 (La.1989).
For Lee to be covered as an omnibus insured under the State Farm policy, he must have been operating the Honda automobile with Cliburn's express or implied permission. Whether an automobile is operated with the express or implied permission of the named insured is to be determined according to the facts and circumstances of the particular case. Philyaw v. Mid-American Indemnity Co., 548 So.2d 83 (La.App. 3d Cir.1989). Implied permission generally arises from a course of conduct involving acquiescence in, or lack of objection to, the use of the vehicle.
After reviewing the testimony adduced at trial in the light most favorable to the non-mover, as required by Campbell, we cannot say the facts and inferences in this case overwhelmingly redound in favor of granting a directed verdict. Lee and Cliburn presented differing, although not mutually exclusive, accounts of the events preceding the accident. As previously noted, both men admitted to consuming unknown amounts of alcohol that evening. There is nothing in the record to indicate that Cliburn objected to Lee's driving the former's vehicle. Considering the unusual circumstances surrounding this bizarre accident, we find the question of whether Lee had implied permission to operate Cliburn's vehicle should have been decided by the jury.
For the above and foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the district court for a new trial.
Costs are assessed to defendants-appellees, State Farm Automobile Insurance Company and Jimmy Lee.
REVERSED AND REMANDED.