583 So.2d 108 (1991)
Leo THOMAS, Plaintiff-Appellee,
v.
CLAIROL INCORPORATED, Defendant-Appellant.
No. 90-171.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
*109 Gilbert J. Aucoin, Ville Platte, for plaintiff-appellee.
Dauzat, Falgoust, Cariness, Bienvenu & Stipl, Jimmy L. Dauzat, Opelousas, for defendant-appellant.
Before GUIDRY and YELVERTON, JJ., and, CULPEPPER, Judge Pro Tem.
CULPEPPER, Judge, Pro Tem.
This is a products liability case. The plaintiff, Leo Thomas, suffered contact dermatitis of the scalp after using defendant's hair dye, "Nice-N-Easy". The substantial issue is whether defendant's warning to test for allergic reaction to its hair dye was adequate, considering the fact that plaintiff is illiterate.

GENERAL FACTS
On November 17, 1988, plaintiff, his wife (common-law), Gertie Thomas, and a family friend, Edmonia, treated plaintiff's hair with Clairol's "Nice-N-Easy" hair coloring. Plaintiff and Gertie are both illiterate, so Edmonia read the instructions to plaintiff. Plaintiff testified in deposition that, prior to the full application of the dye to his head, some of the dye was used on a few strands of his hair. Thereafter, Gertie began applying the dye on the rest of plaintiff's hair. Plaintiff testified that he began to experience burning of his scalp and asked Gertie to remove the dye. The dye was rinsed off, but later plaintiff's scalp swelled, and he developed sores on his head. Dr. Michael Doucet testified in deposition that plaintiff's symptoms seemed to indicate that he had an allergic reaction to the hair dye.
Plaintiff filed suit against defendant for damages sustained from the use of the hair dye. At trial, both parties agreed to the introduction of the depositions of plaintiff and Gertie Thomas in lieu of live testimony. Defendant introduced into evidence a sample product similar to the one used by plaintiff and a deposition of Dr. Michael Doucet. No live testimony was submitted to the trial court.
A warning appears on the box in which the product is contained. Warnings further appear on the product itself and on the instruction sheet. The warnings are fully visible and written in clear language. The warnings specifically caution the user that the product may cause skin irritations and that the preliminary allergy test should be conducted before applying the dye. The directions for the allergy test are set forth at the beginning of the instruction sheet. Furthermore, a toll free number is given for the user if there are any questions.
*110 The district court took the matter under advisement, and later rendered judgment in favor of plaintiff for $1,000.00. The trial judge did not give reasons for judgment. Defendant appealed. Plaintiff answered the appeal, seeking an increase in the award. We reverse.

LAW
Defendant contends that the trial court erred in finding that plaintiff's damages were caused by defendant's product rather than plaintiff's failure to follow instructions. Plaintiff claims that the warning contained on defendant's product was inadequate, and that there was a causal connection between the deficiency in the warning and plaintiff's damages. Plaintiff argues that defendant should have foreseen that its hair dye would be used by illiterate persons who are unable to read instructions.
The Louisiana Products Liability Act, La.R.S. 9:2800.51 et seq., went into effect on September 1, 1988. A claimant may not recover from a manufacturer for damages caused by a product on the basis of any theory of recovery that is not set forth in the Act. La.R.S. 9:2800.52. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time it left its manufacturer's control, the product possessed a characteristic that may cause damage, and the manufacturer failed to use reasonable care to provide adequate warning of such characteristic and its dangers to users and handlers of the product. La. R.S. 9:2800.57.
In a case written prior to the enactment of the Louisiana Products Liability Act, the Louisiana Supreme Court in Bloxom v. Bloxom, 512 So.2d 839 (La.1987) stated that a manufacturer is required to provide an adequate warning of any danger inherent in the normal use of its product which is not within the knowledge of or obvious to the ordinary user.
In an almost identical case out of the same parish, involving the same product and a plaintiff with only a seventh grade education, this court determined that the warning to perform the allergy test was adequate. The court noted that the allergy test section stood out well on the instruction sheet and was not obscured by numerous other warnings and instructions. Leday v. Clairol, Inc., 571 So.2d 866 (La.App. 3 Cir.1990). The Leday court did not see how further highlighting of the allergy test section could have been accomplished or how the warning could have been made more clear or emphatic. Leday, supra.
In Bloxom v. Bloxom, supra, the court held that a determination of whether a warning is adequate depends on a balancing of considerations including, among other factors, the severity of the danger. In this particular case, the danger was an allergic reaction causing a relatively minor skin irritation. There was no life threatening hazard. This factor in the present case supports the adequacy of the warning.
We now address the effect of plaintiff's illiteracy. The general rule stated in Bloxom, supra, is that the manufacturer is required to provide an adequate warning of any danger inherent in the normal use of its product which is not within the knowledge of or obvious to the ordinary user. In the present case the dye was inherently dangerous to anyone allergic to it, and adequate warning was given to anyone who would read it. The danger was not obvious and it was not known by plaintiff because he could not read. Plaintiff's counsel argues defendant, Clairol, should have foreseen that its hair dye would be used by illiterate people in small country towns who could not read the instructions. Counsel for plaintiff does not suggest how the warning could have been conveyed to illiterates.
Counsel does not cite, nor do we find, any cases dealing expressly with the question of warnings to illiterates. In Leday v. Clairol, Inc., supra, at page 869, this court stated:
"The determination of whether a warning is adequate depends upon a balancing of considerations including, among other factors, the severity of the danger, the likelihood that the warning will catch the *111 attention of those who will foreseeably use the product and convey the nature of the danger to them, the intensity and the form of the warning, and the cost of improving the strength or the mode of the warning. Bloxom v. Bloxom, 512 So.2d 839 (La.1987); also, Walker v. Maybelline, 477 So.2d 1136 (La.App. 1st Cir.), writ denied, 481 So.2d 1333 (La. 1986)."
No evidence was introduced to show the foreseeability of use by illiterates. Since this is argued by plaintiff, he had the burden to show the use by illiterates was sufficient that defendant should have foreseen it and provided additional warnings or other safety precautions.
Applying the balancing test quoted above from Leday, we conclude that under the particular facts of the present case, the warning was sufficient.
Moreover, on the issue of causation, plaintiff testified that Edmonia read the instructions to him, but she did not read anything to him about the allergy test. Plaintiff stated that, had he known about the allergy test, he would have conducted it and not applied the dye to his hair if he had discovered he was allergic to it. Thus, Edmonia's failure to read the allergy test to plaintiff was the cause of his injury.
Plaintiff answered defendant's appeal seeking an increase in the amount awarded by the trial court. This issue is now moot and, thus, there is no need for it to be considered by this court.
The judgment of the trial court is reversed. Judgment is rendered in favor of Clairol, Incorporated, and against Leo Thomas dismissing his suit at his costs.
REVERSED AND RENDERED.
GUIDRY, J., concurs.