778 So.2d 604 (2000)
Audrey Reno Lozano Wife of/and Leonard LOZANO
v.
TOURO INFIRMARY, XYZ Insurance Company, Precor, Inc., and ABC Insurance Company.
No. 99-CA-2587.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 2000.
Rehearing Denied January 31, 2001.
*605 Louvin H. Skinner, Robert J. Skinner, Law Office of Robert J. Skinner, New Orleans, LA, Russell B. Ramsey, Jr., L'Hoste & Ramsey, New Orleans, LA, Counsel for Plaintiffs/Appellants.
Anne Derbes Keller, Law Offices of Adams & Johnston, New Orleans, LA, Counsel for Defendants/Appellees.
(Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER and Judge JAMES F. McKAY).
WALTZER, J.

STATEMENT OF THE CASE
Appellants, Audrey and Leonard Lozano, sued Precor, Inc. and Touro Infirmary for damages allegedly sustained when Mrs. Lozano fell from a Precor treadmill at the Touro Infirmary Fitness Center. Appellants asserted two causes of action against Precor: defective design and/or manufacture and failure to warn of inherent dangerous defects. Prior to trial, Appellants settled with Touro. Following trial to a jury, the trial court granted a directed verdict in favor of Precor on the failure to warn claim. The jury returned a verdict awarding $106,271.41 in damages, assigning 85 percent of fault to Touro and 15% of fault to Mrs. Lozano. The trial court entered judgment on the verdict, dismissing Appellants' suit against Precor.
Appellants now appeal the trial court's judgment granting a directed verdict on their claim that defendant Precor, Inc. failed to warn them that Precor's model 9.5sp treadmill was susceptible to sudden acceleration, which caused injury to Audrey Lozano. Appellants have not appealed the jury's verdict assigning no vault to Precor. Thus, the jury verdict in favor of Precor on the defective design claim is final. Having found no merit to appellants' assignments of error respecting the failure to warn claim, we affirm the trial court's judgment.

STATEMENT OF FACTS
On the morning of 28 August 1995, Mr. and Mrs. Lozano went to Touro Infirmary's Fitness Center in order to exercise. This had been their regular practice for three years and one year, respectively. Mr. Lozano testified that while he was lifting weights, he noticed the centers lights dimmed several times. Subsequently, he and Mrs. Lozano started walking on adjacent treadmills. According to Mrs. Lozano, her treadmill suddenly stopped for no apparent reason, shortly after she started her walk. She asked the nurse on duty for assistance and the nurse programmed the treadmill for Mrs. Lozano's usual routine, 20 minutes at a speed of 2.8 miles per hour.
Mrs. Lozano testified that shortly after the nurse re-programmed the treadmill, it suddenly accelerated to "full speed", causing her to fall of the back of the treadmill, suffering multiple abrasions and contusions and orthopedic damage.

ASSIGNMENTS OF ERROR
Appellants contend that the trial court:
(1) abused its discretion in excluding reports of ten prior sudden accelerations of 9.5sp model Precor treadmills
(2) erred in granting a directed verdict in light of alleged testimony that Precor's Service Manual states model 9.5sp was susceptible to sudden, uncontrolled acceleration; and
*606 (3) erred in failing to set aside the jury's verdict in light of the foregoing alleged errors and the lack of evidence that Touro or Ms. Lozano were at fault.
Appellants also contend that the jury's finding of $50,000 in general damages was unreasonable.

DISCUSSION

A. Burden of Proof
The Louisiana Products Liability Act, LSA-R.S. 9:2800.51 et seq. sets forth the exclusive theories of manufacturers' liability for damage caused by their products. Moore v. Safeway, Inc., 95-1552 (La.App. 1 Cir. 11/22/96), 700 So.2d 831, 848, writs denied, 97-2921, 97-3000 (La.2/6/98), 709 So.2d 735, 744. LSA-R.S. 9:2800.54 defines manufacturer responsibility and burden of proof. Appellants had the burden of proving the following:
(1) Precor manufactured the treadmill;
(2) the treadmill was unreasonably dangerous for reasonably anticipated use; and
(3) the dangerous characteristic existed at the time the treadmill left Precor's control, or was the result of a reasonably anticipated alteration or modification. Bernard v. Ferrellgas, Inc., 96-621, p. 5 (La.App. 3 Cir. 2/5/97), 689 So.2d 554, 558.
LSA-R.S. 9:2800.53(9) defines adequate warning as a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made.
In general, a product is unreasonably dangerous because of lack of provision of an adequate warning if, at the time the product left its manufacturer's control, it possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of this characteristic and its danger to users or handlers of the product. LSA-9:2800.57 (A).
The characteristic the Appellants' allege caused their injury was so-called "thermal runaway", that could cause the treadmill to surge suddenly. Thus, Appellants had the burden of proving that this condition existed when the treadmill left Precor's factory and Precor failed adequately to warn users and handlers of the "thermal runaway" characteristic.
We find nothing in the transcript of testimony, exhibits, or proffer to support a finding that the treadmill was susceptible to thermal runaway or that Precor knew or had reason to know of such susceptibility. Since that is the alleged "characteristic" that allegedly caused Ms. Lozano's injury, she had the burden under LSA-R.S. 9:2800.54(A) and 9:2800.57(A)of proving that this characteristic was a proximate cause of her injury. The statute in effect codifies this Court's prior holding in Delery v. Prudential Ins. Co. of America, 94-0352, pp. 8-9 (La.App. 4 Cir. 9/29/94), 643 So.2d 807, 814, writs denied 94-2623 and 94-2666 (La.12/16/94), 648 So.2d 393, citing Bloxom v. Bloxom, 512 So.2d 839 (La.1987).
Appellants' reliance on information concerning "Unit Surges Between One and Four Miles Per Hour" contained in the Precor service manual is misplaced. These "surges", actually minor changes in speed, represented maintenance problems, not design elements that were inherently dangerous, as to which a warning would be appropriate. These maintenance problems did not exist "when the product left the manufacturer's control" and are thus irrelevant to the failure to warn issue.

B. Proffered evidence of prior incidents
Our review of the record in its entirety discovers no support for the admission of Appellants' proffered evidence of prior incident reports. Before such evidence should be admitted, Appellants must provide a predicate with proof that the prior incidents were closely related in circumstance to the injury or hazard at issue, *607 and occurred at substantially the same place and under substantially the same conditions and were caused by the same or similar danger or defect as those claimed in the case at bar. See, Davis v. Louisiana Power & Light Co., 612 So.2d 235, 239 (La.App. 4 Cir.1992), writ denied 615 So.2d 336 (La.1993), where this Court noted the reason for requiring such a predicate is to avoid the risk of prejudice associated with informing a jury of other accidents.
In the instant case, Appellants' expert, Butters, opined that the "sudden acceleration" of which Appellants complained was caused by "thermal runaway." However, there was no evidence admitted or proffered that thermal runaway was involved in ANY of the ten prior incidents Appellants sought to introduce. Therefore, we find the trial court's decision to disallow the evidence not to be manifestly erroneous or clearly wrong.
The record contains ample evidence supporting the jury's determination that the treadmill did not have a characteristic that made it unreasonably dangerousthe only design defect put forth by Appellants. Precor's Greg Fissel testified at great length concerning the measures taken by the company specifically to prevent thermal runaway. He concluded that thermal runaway could not have occurred in the context of the Lozano accident unless the ambient room temperature in the Touro Fitness Center reached 242 degrees Fahrenheit, with a 350 pound person moving at 12 miles per hour. Fissel basically concluded that, under the laws of physics, the accident simply could not have occurred as Appellants contended. Appellants' expert did not challenge Fissel's calculation and admitted he had neither tried to perform a calculation or use any other thermal equation to determine the likelihood of thermal runaway in the context of the Lozano accident.

C. The Directed Verdict
A motion for directed verdict under La.C.C.P. art. 1810 is properly granted if, in viewing the facts in the light most favorable to the adverse party, the trial court concludes that the evidence is such that reasonable, fair-minded jurors cannot arrive at a verdict in favor of the non-moving party. The reviewing court must then decide whether reasonable, impartial minds could have reached a different conclusion. Descant v. Administrators of the Tulane Educational Fund, 95-2127 (La. App. 4 Cir. 1/21/98), 706 So.2d 618, 627, writ denied 98-0467 (La.4/3/98), 717 So.2d 1131, reconsideration denied 98-0467 (La.5/15/98), 719 So.2d 65.
The Third Circuit likens this standard to that for granting a summary judgment and held that only when the all the evidence overwhelmingly points to one conclusion should the directed verdict be granted. That court noted that the determination whether to grant or deny a directed verdict must be determined in light of the substantive law on which rest the parties' claims. See, Bernard, 96-621, 689 So.2d at 557.
Applying the directed verdict standard as articulated above, we find that viewing the facts in the light most favorable to Appellants, the trial court could conclude properly that the evidence is such that reasonable and fair-minded jurors cannot arrive at a verdict in favor of Appellants. We need not decide whether Appellants established their case by a preponderance of the evidence. We need decide only whether reasonable, impartial minds could have reached a different conclusion.
As discussed hereinabove, the Louisiana Products Liability Act sets forth the burden of proof controlling this case. There was no credible evidence to support a finding that the treadmill possessed a characteristic that may cause damage at the time it left its manufacturer's control. Indeed, the evidence tended to show a Touro Fitness Center programming error caused Ms. Lozano's injury. Absent such a dangerous characteristic, simple logic requires the conclusion that there can be no duty to *608 warn. We therefor find no error in the trial court's action granting a directed verdict on the failure to warn claim.
In light of our disposition of the foregoing issues, Appellants' assignment of error concerning quantum is moot.

CONCLUSION AND DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.
PLOTKIN, J., dissents with written reasons.
I respectfully dissent from the majority decision affirming the trial court's granting of the directed verdict on the failure to warn claim asserted by the plaintiffs, Audrey and Leonard Lozano, against the defendant, Precor, Inc. The majority commits the same mistake committed by the trial courti.e., confusing the claims made by the Lozanos in the two separate causes of action. For the reasons explained below, I would vacate the trial court judgment granting the directed verdict and remand to the trial court for retrial solely on that cause of action as allowed by Descant v. Administrators of Tulane Educational Fund, 95-2127 (La.App. 4 Cir. 1/21/98), 706 So.2d 618.
As noted by the majority, the Lozanos asserted two distinct causes of action against Precor, both grounded in Louisiana Products Liability Law ("LPLA"), LSA-R.S. 9:2800.51 et seq. The LPLA establishes exclusive theories of liability for manufacturers for damage caused by their products. Moore v. Safeway, Inc., 95-1552 (La.App. 1 Cir. 11/22/96), 700 So.2d 831, 848, writs denied, 709 So.2d 735, 744 (La. 2/6/98). LSA-R.S. 9:2800.54, relative to manufacturer responsibility and burden of proof, provides as follows:
A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
B. A product is unreasonably dangerous if and only if:
(1)The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
(2)The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
(3)The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
(4)The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.
C. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.55 must exist at the time the product left the control of the manufacturer. The characteristic of the product that renders it unreasonably dangerous under R.S. 98:2800.56 or 9:2800.57 must exist at the time the product left the control of the manufacturer or result from a reasonably anticipated alteration or modification of the product.
D. The claimant has the burden of proving the elements of Subsections A, B and C of this Section.
LSA-R.S. 9:2800.54(B) anticipates the following four separate, possible theories of recovery: (1) unreasonably dangerous in construction or composition, (2) unreasonably dangerous in design, (3) unreasonably dangerous for failure to provide an adequate warning, and (4) unreasonably dangerous for failure to conform to an express manufacturer's warranty. Each of those theories of recovery are, in turn, governed by separate statutes, as delineated *609 in LSA-R.S. 9:2800.54(B). Although a plaintiff filing suit under the Louisiana Products Liability Law may allege as alternative arguments that a particular product is unreasonably dangerous under more than one of the above theories of recovery, the plaintiff is not required to prove all the theories of recovery in order to recover under one theory of recovery.
In the instant case, the Lozanos alleged two alternative theories of recovery under the Louisiana Products Liability Act. First, the Lozanos alleged that the Precor 9.5sp treadmill was unreasonably dangerous in design because it was subject to "thermal runaway." As the jury found, and the majority notes, the Lozanos failed to carry their burden of proof on the design claim because Precor successfully proved that the treadmill had been designed in such a way that "thermal runaway" was impossible. The Lozanos do not appeal that finding. However, the Lozanos also asserted a second theory of recovery under the Louisiana Products Liability Acti.e., that the Precor 9.5sp treadmill was unreasonably dangerous for failure to provide an adequate warning that the treadmill was subject to sudden and unexpected accelerations in speed. Their claim that the treadmill was subject to "thermal runaway" was not a part of their failure to warn claim; thus, proof of "thermal runaway" was unnecessary to the failure to warn claim asserted by the Lozanos. The trial court, and the majority, erred by requiring the Lozanos to prove "thermal runaway" as an element of their failure to warn claim.
The sole issue presented by the instant appeal is whether the Lozanos meet their burden of proving that the Precor 9.5sp treadmill was unreasonably dangerous for failure to provide a warning that it was subject to sudden and unexpected accelerations in speed. Thus, the testimony of Precor's expert, Greg Fissel, relative to "thermal runaway" is completely irrelevant to the issue before this court. The only facts of relevance to this appeal are those related to Precor's knowledge that the treadmill was subject to sudden and unexpected accelerations in speed. The Lozanos were not required, as the majority indicates, to prove the cause of that acceleration, only that such acceleration my occur.
"Adequate warning" is defined by LSA-R.S. 9:2800.53(9) for purposes of the LPLA as follows:
a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made.
Liability of a manufacturer for a product that is unreasonably dangerous because of inadequate warning is controlled by LSA-R.S. 9:2800.57, which provides as follows:
A. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
B. A manufacturer is not required to provide an adequate warning about his product when:
(1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or
(2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.

*610 C. A manufacturer of a product who, after the product has left his control, acquires knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer, is liable for damage caused by his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

A. Admissibility of other accidents evidence
In an attempt to carry their burden of proving that Precor was liable for the damages caused by the treadmill because of inadequate warning, the Lozanos attempted to present two types of evidence to prove that Precor was aware of the tendency of the treadmill to suddenly accelerate: (1) sections of the Precor Factor Service Manual referring to "unit surges," and (2) copies of ten incident reports describing similar accidents allegedly caused by the same model Precor treadmill. Because Precor allegedly was aware of the treadmill tendency to suddenly accelerate, the Lozanos argue, it had a duty to warn the user of that tendency.
First, during their cross-examination of Greg Fissell, Precor's corporate manager and engineer, as a part of their case in chief, the Lozanos' attorney asked Mr. Fissell if Precor was aware that the Precor 9.5sp treadmill "could runaway at full speed when the power is turned on." Supplemental Trial Transcript, p. 16. Mr. Fissel admitted that Precor was aware that problem could occur "[I]f it is defective." Id. At that point, counsel for the Lozanos referred Mr. Fissell to the excerpts from the Precor Factory Service Manual, which is disseminated by Precor only to authorized service personnel, not to owners and users of the treadmills. The two pertinent excerpts, found in the "Trouble-shooting" section of the manual, stated as follows:
Unit surges between one and four miles per hour
1. Inspect photo-sensor alignment and gap between the photo-sensor and the flywheel target label.
2. Check running belt tension. Tighten if necessary. Check for wear on the belt. If worn, replace bed and belt.
3. Inspect the flywheel for tightness. A loose flywheel has the potential to cause an "ERR3". May also cause the unit to rumble or vibrate.
4. Test with working lower control board assembly.
When power is turned on, unit runs away at full speed.
1. Test with working lower control board. Replace if defective.
After referring Mr. Fissell to the above excerpts from the service manual, the Lozanos' attorney asked Mr. Fissell whether Precor was aware of consumers reporting that the treadmill had "runaway at full speed." Id. at 16. Counsel for Precor objected to that line of questioning, which lead to an off-record discussion concerning the admissibility of reports from consumers. At the off-record discussion, Precor's counsel argued that the Lozanos had failed to lay a proper foundation for admission of the reports because they had not proved the cause of the treadmill's sudden acceleration. The Lozanos argued that their design defect cause of action and their failure to warn cause of action were two different causes of action and that proof of one was not dependent on proof of the other. The trial court agreed with Precor, noting the parties had argued this issue on "Friday," and that she had ruled on it then. The trial court concluded by saying that she was "not going back" on her ruling. The court found that the incident reports were "highly prejudicial and misleading without the proper foundation."
Thereafter, the Lozanos presented the direct testimony of the Lozanos' expert electrical/mechanical engineer, John T. Butters, who testified that in his opinion *611 that the sudden acceleration of the treadmill was caused by thermal runaway originating in the silicon controlled rectifier (SCR). Thereafter, the following colloquy occurred.
Q Mr. Butters, is there anything in the material that was produced to you by Precor that impressed you with respect to this event being the result of SCR related problems?
A. Yes.
Q What do you have that impressed you in that regard that was produced by Precor?
A Well, I have a stack of incident reports here on
At that point, counsel for Precor objected, and the trial court sustained that objection, without explanation. The Lozanos' attorney then asked as follows: "All right. What else do you have?" Mr. Butter then testified concerning the above-quoted excerpts from the service manual that Mr. Fissell had already addressed. The issue of the incident reports was not raised again on the record of the case; however, the Lozanos proffered the incident reports.
On appeal, the Lozanos claim that the trial court's ruling disallowing the incident reports prevented them from proving their case and lead to the improper dismissal of their failure to warn cause of action by directed verdict. The primary argument made by the Lozanos on this issue is that the trial court was misled in its decision by the arguments of counsel for Precor that the inadequate warning cause of action was dependent on proof of the defective design cause of action. The Lozanos claim that the two causes of action are completely separate, subject to separate burdens of proof.
I would find that the trial court abused his discretion in excluding the incident reports in the instant case. The "Friday" hearing on the issue was not preserved in the record on appeal, so this court must decide this issue based solely on the statements made during the off-record discussion. Review of that discussion convinces me that the trial court, like the majority, was misled by the arguments of Precor's counsel concerning the necessary "foundation" for admission of the incident reports at issue. As explained above, under the LPLA, a defective design cause of action and a failure to warn cause of action are two separate claims, subject to separate burdens of proof. Although the Lozanos were required to prove the exact alleged "defect" that caused the sudden acceleration of the treadmill in order to carry their burden of proof on the defective design claim, proof of the exact cause of the sudden acceleration is unnecessary to the failure to warn claim. Generally, a product may be considered unreasonably dangerous because an adequate warning about the product has not been provided if two things are true: (1) the product possesses a characteristic that may cause damage at the time it left its manufacturer's control, and (2) the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its dangers to users and handlers of the product. Thomas v. Clairol Inc., 583 So.2d 108, 110 (La.App. 3 Cir. 1991).
Generally, admission of evidence of prior accident is strictly limited by Louisiana courts for the purpose of showing that a thing or place was dangerous and that the defendant knew about the dangerous condition. Brodtmann v. Duke, 96-0257, p. 12 (La.App. 4 Cir. 2/11/98), 708 So.2d 447, 455. In order for evidence of prior accidents to be admissible, the prior accident must meet four requirements: (1) it must be "closely related in circumstances to the injury or hazard issue," (2) it "should occur at substantially the same place", (3) it should occur "under substantially the same conditions," and (4) it "must be caused by the same or similar defect, danger, act or omission." Id. A trial court has discretion to determine whether to admit evidence on the grounds of relevance; its decision will not be disturbed by an appellate court in the absence of an abuse of discretion. Id.
*612 The incident reports the Lozanos sought to introduce in the instant case are neither prejudicial or misleading in the instant case. My review of the reports revealed that they are obviously a part of Precor's business records. Moreover, each of the ten reports involves a complaint from some customer or owner of a Precor 9.5sp treadmill had accelerated suddenly and without warning, resulting in injury or near injury to the user. Thus, the reports are "closely related in circumstances to the injury or hazard at issue" since they involve sudden acceleration of a Precor 9.5sp treadmill. Moreover, the incidents occurred "at substantially the same place"that is, a health club or other entity owning Precor 9.5sp treadmills. The incidents allegedly occurred "under substantially the same conditions," because the users all claim the Precor 9.5sp treadmill accelerated suddenly and without warning. Finally, the Lozanos claim that the incidents were "caused by the same or similar defect, danger, act or omission" that is, the tendency of the Precor 9.5sp treadmill to accelerate suddenly and without warning. Thus, the trial court improperly excluded the other accidents evidence offered by the Lozanos in this case.

B. Granting of directed verdict
The standard for granting a directed verdict was most recently recited by this court in Descant v. Administrators of Tulane Educational Fund, 95-2127 (La.App. 4 Cir. 1/21/98), 706 So.2d 618, as follows:
Pursuant to Louisiana Code of Civil Procedure article 1810, a motion for directed verdict is properly granted if, in viewing the facts in light most favorable to the non-moving party, the trial court concludes that the evidence is such that reasonable and fairminded jurors cannot arrive at a verdict in favor of the non-moving party. Graham v. Ryan, 93-2155 (La.App. 4 Cir. 7/27/94), 641 So.2d 677, 678, writ denied, 94-2538 (La.12/19/94), 648 So.2d 403. In determining whether a trial court properly granted a directed verdict, the appellate court need not decide whether plaintiffs established their case by a preponderance of the evidence. Rather, the reviewing court need only decide whether reasonable, impartial minds could have reached a different conclusion. Cliburn v. Colonial Penn Ins. Co., 583 So.2d 103, 105 (La.App. 3 Cir.1991).
Id. at 13-14, 706 So.2d at 627.
The above standard "mirrors the standard for granting a summary judgment." Bernard, 96-621, 689 So.2d at 557, citing Reilly v. Dynamic Exploration, Inc., 571 So.2d 140 (La. 1990). Thus, a directed verdict may properly be granted in a jury trial "only when the evidence overwhelmingly points to one conclusion." Id. A court considering a motion for directed verdict must "consider all the evidence not just that evidence which support the non-mover's casebut in light and with all reasonable inference most favorable to the party opposed to the motion." Id. The determination of whether to grant a directed verdict must be determined "in light of the substantive law underpinning the plaintiff's claims." Id.
The "law underpinning the plaintiff's claims" is based in the LPLA statutes quoted above. As noted above, a product may be considered unreasonably dangerous because an adequate warning about the product has not been provided if two things are true: (1) the product possessed a characteristic that may cause damage at the time it left its manufacturer's control, and (2) the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its dangers to users and handlers of the product. Thomas, 583 So.2d at 110.
My review of the record in the instant case convinces me that the trial court improperly granted the motion for directed verdict on the Lozanos' failure to warn cause of action. After viewing all the evidence submitted, I would conclude that reasonable persons could easily decide that Precor failed to provide an adequate warning of the tendency of the 9.5sp treadmill *613 to accelerate suddenly and without warning. Thus, the Lozanos presented sufficient evidence to support a jury finding that the Precor 9.5sp treadmill "possessed a characteristic that may cause damage at the time it left its manufacturer's control", and finding that Precor "failed to use reasonable care to provide and adequate warning of such characteristic and its dangers to users and handlers of the product." Thomas, 583 So.2d at 110. Moreover, the service manual and the incident reports are sufficient for the jury to consider as proof that Precor knew that the 9.5sp treadmill possessed that unreasonably dangerous characteristic.
Accordingly, I would vacate the trial court judgment and remand solely on the failure to warn theory of recovery, comparative, fault, and damages.